Filed 7/29/21  P. v. Blaney CA4/1
# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

|  |  |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>RANDY SCOTT BLANEY,<br><br>    Defendant and Appellant. | D077935<br><br><br>(Super. Ct. No. SCD146452) |

APPEAL from an order of the Superior Court San Diego County, John M. Thompson, Judge.  Affirmed.

Kimberly J. Grove, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Eric A. Swenson and Jennifer B. Truong, Deputy Attorneys General, for Plaintiff and Respondent.

In 2000, a jury convicted Randy Scott Blaney of multiple felonies including first degree murder with the personal and intentional discharge of

a firearm (Pen. Code,[1] §§ 187, subd. (a) and 12022.53, subd. (c)) and attempted murder by personally and intentionally discharging a firearm (§§ 187, subd. (a), 664, subd. (a), and 12022.53, subd. (c)).  Blaney was sentenced to life without parole plus 20 years.

Blaney appealed and this court affirmed the judgment in an unpublished opinion filed July 29, 2002.  (*People v. Blaney* (July 29, 2002, D037113) [nonpub. opn.].)[2]

In 2019, Blaney filed a form pro. per. petition for resentencing under section 1170.95.  The trial court received briefing and denied the petition in a written order, finding that Blaney had been convicted of provocative act murder and, thus, Blaney was not eligible for relief.[3]

Blaney filed a timely notice of appeal.

In its order denying Blaney's petition, the trial court stated:

> "On January 22, 2019, the court received Petitioner's petition for resentencing pursuant to Penal Code section 1170.95.  On January 30, 2019, counsel was appointed for Petitioner and a briefing schedule was set.  On February 25, 2019, the People filed a response.  After a court-ordered stay of proceedings elapsed, on July 1, 2020, Petitioner filed a response.
>
> "The court has reviewed the case file, the petition, and pleadings filed by both parties.  The court finds Petitioner has not made a prima facie showing that he is entitled to relief.  (See Pen. Code § 1170.95(c).)  Petitioner has not shown that he could not be convicted of murder because of

---

[1]    All further statutory references are to the Penal Code.

[2].    We granted the respondent's request to take judicial notice of our files in case No. D037113.

[3]    The full list of the felonies for which Blaney was convicted is set forth in our prior opinion.

the changes made to Penal Code section 188 or 189 made effective January 1, 2019.

"Penal Code section 188(a)(3) states, 'Except as stated in subdivision (e) of Section 189, in order to be convicted of murder, a principal in a crime shall act with malice aforethought. Malice shall not be imputed to a person based solely on his or her participation in a crime.'

"Here, Petitioner was tried for murder based on the death of his accomplice under the provocative act theory of murder. The court in *People v. Garcia* (1999) 69 Cal.App.4th 1324, 1329 [(*Garcia*)], stated, the 'provocative act theory of murder is invoked when a victim or police officer has killed a felon. To qualify as a provocative act under the provocative act theory of murder, the conduct of the felon must be sufficiently provocative of lethal response to support a finding of implied malice. (Citation omitted.)'

"The court in *People v. Lee* (2020) 49 Cal.App.5th 254, 264, (review granted on other grounds July 15, 2020, S262459 [(*Lee*)]) stated, 'Unlike felony murder or murder under the natural and probable consequences doctrine, "[a] murder conviction under the provocative act doctrine . . . requires proof that the defendant personally harbored the mental state of malice, and either the defendant or an accomplice intentionally committed a provocative act that proximately caused" the death of another accomplice. ([*People v.*] *Gonzalez* [(2012)] 54 Cal.4th 643, [ ] 655, 142 Cal.Rptr.3d 893, 278 P.3d 1242 [(*Gonzalez*)]; see [(*People v.*] *Mejia* (2012) 211 Cal.App.4th 586, [ ] 603, 149 Cal.Rptr.3d 815 ["With respect to the mental element of provocative act murder, a defendant cannot be vicariously liable; he must personally possess the requisite mental state of malice aforethought when he either causes the death through his provocative act or aids and abets in the underlying crime the provocateur who causes the death," italics omitted].)'

"The *Lee* court concluded, 'Lee therefore cannot show that he "could not be convicted of first or second degree

3

murder because of changes to Section 188 or 189" as required for relief under section 1170.95, subdivision (a)(3). Section 188, as amended, establishes that 'in order to be convicted of murder, a principal in a crime shall act with malice aforethought.' Because Lee was convicted of provocative act murder, the jury necessarily found he acted with malice aforethought. Section 189, as amended, changed the felony murder rule, but Lee was not convicted under that rule.' *Id.* at p. 265.

"In the present case, the Petitioner and his accomplice decided to rob the victim due to his age and believing he would not give them trouble. The accomplice got out of the vehicle and walked toward the victim. The victim was wary and pulled out a pocket knife, which he kept open by his side as he walked. As the accomplice approached the victim, he pulled a gun from his waistband, pointed it at the victim, and began to make a demand. Before he could finish, the victim grabbed the gun and slashed at the accomplice with the knife. The accomplice tried to fire the gun, but the victim's hand prevented it. They continued to struggle and fell to the ground. The victim stabbed the accomplice and slashed at his face. The accomplice released the gun and stood up. Petitioner started to drive toward the victim. Afraid the Petitioner was going to run him over, the victim stood up. The accomplice got into the passenger side of the vehicle and told the Petitioner to get him out of there. The victim walked toward the car yelling at the Petitioner and his accomplice. Petitioner pointed a gun at the victim and fired twice. The victim fired two shots in return that hit and killed the accomplice. [See California Court of Appeal, Fourth Appellate District, Division One, case number D037113.]

"As in the *Lee* case, *supra*, as Petitioner was convicted of the provocative act theory of murder, the jury necessarily found he acted with malice aforethought. Petitioner's provocative act of firing his weapon at the victim proximately caused the death of his accomplice. Accordingly, Petitioner falls within Penal Code section 188(a)(3) and is not statutorily eligible for relief.

4

"Based on the foregoing, the Penal Code section 1170.95 petition for resentencing is hereby DENIED."

Blaney contends he is still eligible for resentencing even though he was not tried as an aider and abettor who was convicted by application of the felony murder rule, nor was he found liable under the natural and probable consequences theories of malice. Blaney was a direct perpetrator who did a violent act with implied malice that was the legal cause of his accomplice's death. He is not eligible for resentencing under section 1170.95.

## STATEMENT OF FACTS[4]

We will take the facts from our prior opinion. (*People v. Blaney*, *supra*, D037113.)

"[O]n July 14, about 10:30 p.m., Blaney and C.E. were in San Diego County by the Mexican border. They had less than a dollar between them. C.E. saw E.S. a 56-year-old man, who was retired from the Navy and a civilian dispatcher for the U.S. Border Patrol, walking down a dark, empty street to work. They decided to rob E.S. because he was not young and strong and they believed he probably would not give them any trouble. They drove slowly past him. Blaney parked the car in a driveway a short distance up the street. C.E. got out of the car and headed toward E.S.

"Something seemed 'kind of wrong' to E.S. about the way the car went by and parked in the driveway. He pulled out a pocketknife, opened it and held it to his side as he continued walking. As C.E. approached E.S., C.E. pulled a gun from his waistband, pointed it at E.S.'s face and said, 'All right, give me—' but before he could finish his demand, E.S. crouched, reached up,

---

[4] Names of the victims have been changed to initials, and the facts of the separate offense involving victim G.F. have been omitted.

and grabbed the gun.  As he did this, E.S. slashed at C.E. with his knife. Stunned, C.E. started backing up but would not release the gun.  At some point, C.E. tried to fire the gun; the webbing of E.S.'s hand was caught between the hammer and the gun causing a blood blister.  Eventually, still struggling over the gun, the two men ended up in the street and fell to the ground.  As they fell, E.S. felt the tip of the blade entering C.E.  E.S. pulled out the knife and started slashing at C.E.'s face.  C.E. released the gun and stood up.

"E.S. looked up the street and saw Blaney driving towards him.  Afraid that Blaney was going to run over him, E.S. rolled over and stood up.  C.E. got into the passenger side of the car, examined his wounds, and said, 'Get me out of here.'

"E.S., irate, walked up to the car, waving his arms and saying, 'Come on, you mother fuckers.  You want it, come on, you mother fuckers.'  E.S. had the gun in his hand.  When he got close to the car, he lowered his arms.  He was not pointing the gun at Blaney or C.E.  When E.S. moved a little beyond the driver's side window, Blaney, who had been sitting in the car looking forward, suddenly turned, pointed a gun at E.S. and fired twice.  E.S. fired two shots in return.  Blaney then drove off down the street and E.S. continued walking toward work.

"As he drove, Blaney became aware that C.E. was seriously injured, stopped at a house with lights on and started yelling for someone to call 911. C.E. died as a result of a gunshot wound to his head, the shot having been fired by E.S.  C.E. also had a number of cuts and a stab wound, none of which were fatal.

"Blaney testified.  He admitted that he was guilty of conspiracy to commit robbery and unlawfully driving a car, attempting to rob E.S., of being

6

a felon in possession of a firearm and guilty of driving a stolen car. He also admitted firing first at E.S. He testified that he fired at E.S. because E.S. was pointing the gun toward him and C.E., E.S. was angry, E.S. was stating, 'Come on you, you mother fucker,' and he feared for his own life and that of C.E."

## DISCUSSION

Blaney contends that notwithstanding his conviction is clearly based on provocative act murder, he is, or should be, eligible for relief under section 1170.95. As the existing caselaw holds, conviction under the provocative act murder for direct perpetrator is not of the type that the Legislature identified as eligible for relief under Senate Bill No. 1437. We are aware the law regarding procedure under section 1170.95 is unsettled. Our Supreme Court has granted review in numerous cases covering all sides of a broad range of murders and processes, including provocative act murders. Ultimately the court will establish guidelines for the lower court to follow. In the interim, we must do our best to reach a correct result in light of the purpose of Senate Bill No. 1437 to limit vicarious liability in murder cases.

### A. Legal principles

Section 1170.95 was created to provide a mechanism for a person convicted of murder as aiders and abettors under the felony murder rule or the natural and probable consequences theory of implied malice to have such convictions vacated. Section 1170.95, subdivision (c) provides: "The court shall review the petition and determine if the petitioner has made a prima facie showing that the petitioner falls within the provisions of this section. If the petitioner has requested counsel, the court shall appoint counsel to represent the petitioner. The prosecutor shall file and serve a response

7

within 60 days of service of the petition and the petitioner may file and serve a reply within 30 days after the prosecutor response is served. These deadlines shall be extended for good cause. If the petitioner makes a prima facie showing that he or she is entitled to relief, the court shall issue an order to show cause."

At the prima facie portion of the process, a court may not engage in factfinding but may consider readily available facts to address potential eligibility for relief. (*People v. Drayton* (2020) 47 Cal.App.5th 965, 982.) Where an examination of the record, without factfinding, reveals the petitioner is not eligible for relief as a matter of law, the trial court may deny the petition on that basis. (*People v. Verdugo* (2020) 44 Cal.App.5th 320, 332-333, review granted Mar. 18, 2020, S260493.)

Provocative act murder requires proof that the defendant did an unlawful act that is likely to cause a police officer, or victim to respond with deadly force, which causes the death of another. In doing such act which causes death, the defendant harbors the mental state of malice. (*Gonzalez*, *supra*, 54 Cal.4th at p. 655; *People v. Swanson* (2020) 57 Cal.App.5th 604, 612-613, review granted Feb. 17, 2021, S266262 (*Swanson*); *Garcia*, *supra*, 69 Cal.App.4th at p. 1328-1329.)

In addition to *Swanson*, the courts in *People v. Johnson* (2020) 57 Cal.App.5th 257, 264-271 and *Lee*, *supra*, 49 Cal.App.5th at page 263, have held convictions for provocative act murder are not eligible for resentencing under Senate Bill No. 1437.

### B. Analysis

In our opinion in the first appeal in this case, we discussed provocative act murder. There we determined Blaney had been prosecuted and convicted on that theory. Blaney personally used a firearm to shoot twice at the

resisting victim. The record clearly demonstrates that the victim returned fire, striking and killing Blaney's accomplice. Thus, Blaney's act of deadly force was a legal cause of the accomplice's death. Shooting at the victim was an act, dangerous to life with disregard of the consequences. Blaney did not act as an aider and abettor; he was not merely present aiding an act where his liability could be based on the natural and probable consequences doctrine.

Blaney contends he is still eligible for relief based on his argument Senate Bill No. 1437 redefined implied malice. Section 188 does not redefine implied malice; rather, it limits the theories of vicarious liability for persons who are not the direct perpetrators or who are not major participants, who act with intention to kill or reckless indifference to life. The cases cited above have found provocative act murders are based on a finding the defendant acted with implied malice in performing the dangerous, unlawful act which is a legal cause of death. We are aware the Supreme Court has the issue under review. Pending further direction from that court we will follow the courts which have dealt with the issue.

In this case, Blaney was a direct perpetrator, acting with implied malice, who was the legal cause of his accomplice's death. The record clearly establishes Blaney is ineligible for relief under Senate Bill No. 1437 as a matter of law. The trial court correctly analyzed the record and the law and properly denied Blaney's petition for resentencing.

9

DISPOSITION

The order denying Blaney's petition for resentencing under section 1170.95 is affirmed.


HUFFMAN, J.

WE CONCUR:


McCONNELL, P. J.


HALLER, J.